1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KWESI NOKKMO DONALDSON,

              Petitioner,

          v.

TIMOTHY WRENGLER and THE
WASHINGTON STATE ATTORNEY
GENERAL,

              Respondents.

Case No.  C07-5479 RBL/KLS

REPORT AND
RECOMMENDATION

**NOTED FOR:**
**June 6, 2008**

      This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Kwesi Nokkmo Donaldson filed this action under 28 U.S.C. § 2254, challenging his 2002 conviction and sentence. (Dkts. # 6 and 10[1]).  Respondent filed a statement of cause in lieu of an answer (Dkt. # 18) and motion to dismiss (Dkt. # 17), arguing that Mr. Donaldson's federal habeas corpus petition is time-barred based on 28 U.S.C. § 2244(d).

      After careful review of the parties' submissions, the state court record and exhibits submitted by Respondents in support of their motion to dismiss (Dkt. # 18, Exhibits 1-17), and the

---

[1]The habeas petition is filed at Dkt. # 6, an amended first page with the properly named Respondents is filed at Dkt. # 10.

REPORT AND RECOMMENDATION
Page - 1

balance of the record, the undersigned agrees that Mr. Donaldson's petition is untimely.

## I. STATEMENT OF THE CASE

Mr. Donaldson was found guilty in the Pierce County Superior Court on December 23, 2002 by jury verdict of two counts of assault in the first degree and one count of assault in the second degree. (Dkt. # 18, Exh. 1).  A special verdict/finding for use of a firearm was returned for all three counts. *Id.*, p. 2.  The trial court imposed a total sentence of 360 months confinement.  *Id.*, p. 7.

### A.    State Court Procedural History

On April 7, 2003, counsel for Mr. Donaldson filed an amended notice of appeal to the Court of Appeals. *Id.*, Exh. 2.  On September 5, 2003, counsel for Mr. Donaldson filed appellant's opening brief.  *Id.*, Exh. 3.  On November 17, 2003, Respondent State of Washington filed a respondent's brief.  *Id.*, Exh. 4.  Mr. Donaldson filed a statement for additional grounds for review. *Id.*, Exh. 5.  On July 20, 2004, the Washington Court of Appeals entered an unpublished opinion affirming Mr. Donaldson's convictions, but vacating the sentence and remanding for resentencing, in light of its holding of ineffective assistance of counsel in failing to argue mitigating circumstances to support the trial court's imposition of a downward exceptional sentence.  *Id.*, Exh. 6.  The Court of Appeals issued its mandate on August 26, 2004. *Id.*, Exh. 7.

Mr. Donaldson was subsequently resentenced by the Pierce County Superior Court on January 7, 2005. *Id.*, Exh. 8.  The trial court imposed a sentence of 156 months.  *Id.*, Exh. 8.

On June 16, 2005, Mr. Donaldson filed a personal restraint petition in the Washington Court of Appeals.[2]  *Id.*, Exh. 9.  On September 14, 2005, Respondent State of Washington filed a response

---

[2]The cover sheet of Mr. Donaldson's personal restraint petition is addressed to the Washington State Supreme Court but it was properly filed with the Court of Appeals and Mr. Donaldson certified that he mailed a copy of his personal restraint petition to the Court of Appeals on the 16th day of June, 2006.  Dkt. 18, Exh. 9, p. 16.

to Mr. Donaldson's personal restraint petition. *Id*., Exh. 10. The Washington Court of Appeals Chief Judge entered an order dismissing the personal restraint petition on February 23, 2006. *Id*., Exh. 11.

Mr. Donaldson filed a motion for discretionary review in the Washington Supreme Court on March 13, 2006. *Id*., Exh. 12.   On May 26, 2006, the Washington Supreme Court Commissioner denied review. *Id*., Exh. 13.  Mr. Donaldson filed a motion to modify the Commissioner's ruling on June 12, 2006. *Id*., Exh. 14.  The Chief Justice for the Washington Supreme Court denied the motion to modify on September 7, 2006. *Id*., Exh. 15.  The Washington Court of Appeals entered a certificate of finality on October 11, 2006. *Id*., Exh. 16.

Mr. Donaldson filed his application to proceed *in forma pauperis* and proposed federal habeas corpus petition in this court on August 30, 2007.  (Dkt. # 1, p. 2).

**B.     Federal Court Proceedings**

Mr. Donaldson raises the following grounds for relief in his federal habeas corpus petition:

1.     Due process Fourteenth Amendment the petitioner states the trial court used insufficient evidence to support a first degree assault conviction. Not proving all elements of the crime beyond a reasonable doubt.

2.     The firearm sentence enhancements. The petitioner state [sic] the trial court should have ran the firearm enhancements concurrent with his state sentence.

3.     Lesser included offense of second degree-negligent assault. Petitioner states the trial court should of put this charge in the jury instructions.

4.     Ineffective assistance of counsel. Petitioner state his attorney was ineffective by not objecting or raising issues.

(Dkt. # 10, pp. 5-6, 8-9).

## II.  EXHAUSTION OF STATE REMEDIES

Because the Court finds that the petition was not filed within the one-year federal statute of limitations period under 28 U.S.C. § 2244(d), the Court need not determine whether Mr. Donaldson properly exhausted his available state remedies.  28 U.S.C. § 2254(b)(2).

REPORT AND RECOMMENDATION
Page - 3

## III.  EVIDENTIARY HEARING

The decision to hold a hearing is committed to the court's discretion.  *Williams v. Woodford*, 306 F.3d 665, 688 (9th Cir. 2002).  The petitioner bears the burden of showing the need for a hearing. *Pulley v. Harris*, 692 F.2d 1189, 1197 (9th Cir. 1982), rev'd on other grounds, 465 U.S. 37 (1984); *Baja v. Ducharme*, 187 F.3d 1075 (9th.Cir. 1999).   A hearing is not required if the claim presents a purely legal question, or if the claim may be resolved by reference to the state court record. *Campbell v. Wood*, 18 F.2d 662, 679 (9th Cir.) (en banc), cert. denied, 114 S. Ct. 2125 (1994).

The question of whether Mr. Donaldson filed his petition within the one-year federal statute of limitations is a purely legal one that may be resolved by reference to the record before this court. Accordingly, an evidentiary hearing is not required.

## IV.  DISCUSSION

**A.     The Federal Statute Of Limitations, 28 U.S.C. § 2244(d)**

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244(d).   For petitioners whose state court judgments became final prior to April 24, 1996, the one-year time period began running on the date the statute was signed into law and expired on April 23, 1997.  *Calderon v. United States Dist. Court for the Cent. Dist. of Cal. (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997), *cert. denied*, 522 U.S. 1099 (1998). The statute of limitations is subject to equitable tolling, but such tolling "will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."  *Id.* at 1288 (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)).

Where the challenged conviction became final after April 24, 1996, the statute generally begins to run from one of the following four dates:

REPORT AND RECOMMENDATION
Page - 4

(A)     the date on which the judgment became final by conclusion of direct review
        or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State
        action in violation of the Constitution or laws of the United States is
        removed, if the applicant was prevented from filing such state action;

( C)    the date on which the constitutional right asserted was initially recognized by
        the Supreme Court, if the right has been newly recognized by the Supreme
        Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could
        have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Direct review ordinarily concludes either upon the expiration of the time for filing a petition for writ of certiorari, or when the Supreme Court rules on a petition for writ of certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  A petitioner seeking review of a judgment of a lower state court must file the petition for writ of certiorari "within 90 days after entry of the order denying discretionary review." Sup. Ct. Rule 13(1).   "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The statute of limitations tolls only during the time a properly filed post-conviction, collateral challenge is pending in state court. 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003 (9th Cir. 1999).  A state court petition rejected as untimely is not 'properly filed,' and is not entitled to statutory tolling under section 2244(d)(2).  *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005).

The record reflects that Mr. Donaldson was resentenced on January 7, 2005 following remand by the Washington Court of Appeals and he did not file a direct appeal from that judgment and sentence.  (Dkt. # 18, Exhs. 6 and 8).  Therefore the statute of limitations began to run on

REPORT AND RECOMMENDATION
Page - 5

1   January 7, 2005 and it ran for a little over five months until June 16, 2005, when Mr. Donaldson

2   filed a personal restraint petition in the Washington Court of Appeals. *Id.*, Exh. 9, p. 16.

3          By timely filing the personal restraint petition, Mr. Donaldson properly tolled the federal

4   statute of limitations.  The statute was tolled until September 7, 2006, when the Washington

5   Supreme Court entered its order denying Mr. Donaldson's motion to modify. *Id.*, Exh. 15.  At that

6   time, when Mr. Donaldson's personal restraint petition was no longer pending, the statute of

7   limitations began to run again and continued to run uninterrupted until he filed his federal habeas

8   petition on August 30, 2007, the date he signed his application to proceed *in forma pauperis* (IFP)

9   in this court.  Dkt. # 1, p. 2.

10         As correctly noted by Respondents, the Court views the date that Mr. Donaldson signed his

11  application to proceed IFP as the date that Mr. Donaldson commenced his federal habeas action in

12  this Court because the date of August 30, 200<u>6</u> stated on the proposed habeas petition attached to

13  Mr. Donaldson's application for IFP filed with this Court on September 5, 200<u>7</u> is obviously an

14  error and is not consistent with the facts before the Court.  Mr. Donaldson signed his application to

15  proceed IFP on August 30, 2007.  (Dkt. # 1, p. 2).  In his proposed federal habeas petition, Mr.

16  Donaldson refers to the ruling of the Washington Supreme Court dated September 6, 2006, which

17  was rendered a week after the August 30, 2006 date.  (Dkt. # 1, Attachment 1, p. 7; Dkt. 10, p. 7).

18  Finally, the documents were received by the Court in early September 2007, further confirming that

19  Mr. Donaldson simply made an error when he wrote the year on his petition.

20         The statute of limitations ran from September 7, 2006, when Mr. Donaldson's personal

21  restraint petition was no longer pending, until August 30, 2007, when he filed his petition in this

22  Court.  That is over 11 months.  We must add to that, the five month period of time that ran between

23  January 7, 2005 and June 16, 2005 when the statute ran between Mr. Donaldson's re-sentencing and

24  the date he filed his personal restraint petition.  Therefore, more than one year passed before Mr.

REPORT AND RECOMMENDATION
Page - 6

Donaldson filed his federal habeas corpus petition.

**B.      Equitable Tolling**

Equitable tolling under AEDPA is only appropriate where extraordinary circumstances beyond a prisoner's control made it impossible to file a petition on time. *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997), overruled in part on other grounds by *Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc). "External forces," not petitioner's "lack of diligence" must account for his failure to file a timely petition. *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir. 1999).   Ignorance of the law, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (9th Cir. 2000).

There are no grounds for equitable tolling in this case.  There is no evidence of conduct by the Respondents that impeded Mr. Donaldson's ability to prepare and file his federal petition in a prompt fashion.  There is no evidence of circumstances, such as a lack of clarity in the law or legal unavailability of claims preventing Mr. Donaldson from filing his habeas petition in a prompt fashion.

Accordingly, Mr. Donaldson's federal habeas petition is barred and must be dismissed under 28 U.S.C. § 2244(d) .

**V.  CONCLUSION**

This petition is time barred.  Accordingly, the petition should be **DISMISSED WITH PREJUDICE.**  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time

REPORT AND RECOMMENDATION
Page - 7

limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 6,**

**2008,** as noted in the caption.

Dated this 16th day of May, 2008.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 8